UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

VALENTINA KAPCHITS on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

      -against-

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION SERVICES

                             Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Valentina Kapchits, brings this action against Credit Control Services, Inc. d/b/a Credit Collection Services, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Norwood, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Valentina Kapchits

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 4, 2017, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a defaulted consumer debt.

12. The Defendant was attempting to collect on a debt purportedly owed to Quest Diagnostics, for a balance of $40.59.

13. The Defendant knew that the alleged debt was non-existent.

14. Moreover, the Defendant is well aware, that the Plaintiff never engaged with the alleged creditor.

15. Under New York law, a valid debt can only exist if there is an express contractual agreement between the parties.

16. The Plaintiff never had any relationship with Quest Diagnostics or with any other client/creditor of the Defendant.

17. The Defendant is well aware that any implied contract can only rest upon a showing by the provider, that the services were performed and accepted with the understanding of

both sides that there was a fee obligation.

18. At no time, did the Plaintiff enter into contract with the alleged creditor; in fact, she has never heard of the alleged creditor.

19. In addition, at no time did the Plaintiff, ever request any blood-work, or any other services for that matter from the creditor, and she certainly never signed any agreement with the creditor.

20. The Plaintiff did in fact, visit a doctor and had given the doctor her insurance; however, she did not request any medical services which would not be entirely covered by her medical insurance or which would result in any fee obligation.

21. At no time was the Plaintiff ever asked to consent to any such medical services.

22. Furthermore, the Plaintiff never authorized her doctor to order any laboratory tests that would result in a fee obligation.

23. The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that she in fact owed such an amount to Quest Diagnostics when it was not the case.

24. The Plaintiff never had any contractual relationship with Quest Diagnostics.

25. The Plaintiff never had any contractual relationship with her physician.

26. While the Plaintiff is unsure as to who the precise creditor is in this case, the Plaintiff never had any contractual relationship with any such creditor.

27. A valid debt for medical services "only rests upon a showing by the provider that the services were performed and accepted with the understanding on both sides that there was a fee obligation." Shapira v United Med. Serv., 15 NY2d 200, 210, 205 NE2d 293, 257 NYS2d 150 (Court of Appeals of New York 1965); Arias v. Gutman, Mintz, Baker

& Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017) ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

28. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

29. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

30. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[1]

31. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted

---

[1] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013) ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent. See also *Goldman v. Cohen*, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006) (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A).")

by law.

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute

embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

41. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. The identities of all class members are readily ascertainable from the records of Defendant and those business and governmental entities on whose behalf it attempts to collect debts.

43. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

44. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

45. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

46. Plaintiff will fairly and adequately protect the interests of Plaintiff's Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

  (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

48. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

49. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

51. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty one (51) herein with the same force and effect is if the same were set forth at length herein.

53. This cause of action is brought on behalf of Plaintiff and the members of a class.

54. The class consists of all persons whom Defendant's records reflect resided in the State of New York; and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 4, 2017; and (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered and (d) the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

### Violations of the Fair Debt Collection Practices Act

55. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

56. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
January 17, 2018

   /s/ Maxim Maximov_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

   /s/ Maxim Maximov_____
Maxim Maximov, Esq.